**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 13, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VIVIAN L. RADER;
STEVEN R. RADER,

     Plaintiffs - Appellants,

v.

CITIBANK, N.A., as Successor Trustee to
U.S. Bank National Association as
Successor to Wachovia Bank National
Association as Trustee for the
Certificateholder of Mastr Alternative Loan
Trust 2004-1 Mortgage Pass through
Certificates Series 2004-1; MORTGAGE
REGISTRATION SYSTEMS, INC.; UBS
WARBURG REAL ESTATE
SECURITIES, INC.; OCWEN LOAN
SERVICING LLC, and Does 1-10,

    Defendants - Appellees.

No. 14-1472
(D.C. No. 1:14-CV-00784-CMA-BNB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

_____

     [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Vivian L. Rader and Steven R. Rader (Raders) appeal from the district court's judgment dismissing their claims against the defendants with prejudice. In their amended complaint (the Complaint) the Raders sought declaratory and injunctive relief to prevent the defendants from foreclosing on a mortgage securing Mr. Rader's promissory note, and a decree quieting title and extinguishing all the defendants' claims to the mortgaged property. The district court considered the exhibits offered by the defendants in support of their motion to dismiss. It then determined that Citibank was the possessor and holder of the promissory note, which had been endorsed in blank, and that (contrary to the Raders' primary argument) it was legally irrelevant how it became the holder. Hence, Citibank had standing to enforce the note and pursue foreclosure proceedings. The court concluded that the Raders' claims failed as a matter of law and that it would be futile to grant them leave to amend the Complaint. We affirm.

The Raders' challenges to the district court's reasoning are unpersuasive. They complain that the district court should not have considered the defendants' exhibits on a motion to dismiss, and that consideration of the exhibits converted the proceeding to one for summary judgment without adequate notice to them. But the district court explained why the documents could be considered under our precedent in *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). And it observed that the Raders did not dispute the authenticity of the exhibits submitted by the defendants, but only disagreed about the legal conclusions that could be drawn from them.

In their opening brief on appeal, the Raders present no analysis concerning why *Gee* does not apply except to note that this court in *Gee* rejected the use of some of the documents in that case, on which the district court had "improperly relied . . . to refute [the plaintiff's] factual assertions and effectively convert the motion to one for summary judgment without notice." *Id.* at 1187. Here, however, although the Raders claim that the district court used the documents submitted by the defendants to make determinations on disputed material issues of fact, they point to no such factual findings in their brief.[1] Indeed, the brief accurately describes the true dispute when it states that "[the Raders] disagreed about the *legal conclusions* that could be drawn from the documents submitted by Appellees." Aplt. Opening Br. at 21 (emphasis added).

The Raders also complain that the district court entirely failed to address two of their arguments. First, they argued that in the chain of title for their promissory note was a trust that could not accept a transfer of the note if the loan was in default or in danger of going into default, or if the transfer was after the closing date

---

[1] The closest they come is their reference to the sentence in the district court's opinion referring to the state court's approval of the substitution of Citibank for U.S. Bank as the party seeking foreclosure. But this terse reference to that sentence does not preserve a legal issue, *see Bronson v. Swensen*, 500 F.3d 1099, 1104-05 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are . . . inadequately presented . . . in an appellant's opening brief. . . . . [C]ursory statements, without supporting analysis and case law, fail to constitute the kind of briefing that is necessary."), and the point is legally irrelevant because under Colorado law it does not matter who Citibank's predecessors were or how Citibank became the holder.

specified in the trust.  But they did not plead any facts showing when, if ever, any of these conditions existed; and, as previously noted, Citibank can foreclose without showing how it became the holder of the note.   Second, they argue that the note may have been paid down or even paid off.  But, again, they pleaded no facts showing that any such payment was ever made.

Finally, although they assert that the Complaint states a valid claim for relief, the Raders argue that we should reverse and remand so they can seek leave to file an amended version of the Complaint.  Their conclusory request for leave to amend does not entitle the Raders to amend their complaint or to avoid the dismissal with prejudice.  *Cf. In re Gold Resource Corp. Securities Litigation*, 776 F.3d 1103, 1118-19 (10th Cir. 2015) ("The district court did not abuse its discretion in dismissing the complaint with prejudice where plaintiff's memorandum contained only one sentence at the very end of his brief alternatively requesting leave to amend in the event the district court should decide to dismiss his complaint.").

## CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

Harris L Hartz
Circuit Judge

4