FILED
United States Court of Appeals
Tenth Circuit

July 7, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VIVIAN L. RADER; STEVEN R.
RADER,

     Plaintiffs - Appellants,

v.

CITIBANK N.A., as Successor Trustee to
U.S. Bank National Association as
Successor to Wachovia Bank National
Association as Trustee for the
Certificateholders of Mastr Alternative
Loan Trust 2004-1 Mortgage Pass Through
Certificates Series 2004-1; OCWEN
LOAN SERVICING, LLC,

    Defendants - Appellees.

No. 16-1379
(D.C. No. 1:15-CV-02736-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

    Plaintiffs-Appellants Vivian L. Rader and Steven R. Rader appeal from the

district court's dismissal of their action brought pursuant to 15 U.S.C. § 1635 of the

Truth in Lending Act (TILA), in which they sought to rescind a 2003 promissory

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

note and deed of trust (collectively, the "Mortgage Loan").  Exercising jurisdiction

pursuant to 28 U.S.C. § 1291, we affirm.

I.

Steven Rader borrowed $630,000 from GreenPoint Mortgage Funding, Inc. on

October 8, 2003.  *See* Aplt. App. at 183.[1]  The promissory note was secured by the

Raders' property in Pagosa Springs, Colorado, pursuant to a deed of trust dated

October 8, 2003.  *See id.* at 187, 189.  The deed of trust was recorded on October 15,

2003, in the records of the County of Archuleta, Colorado.  *Id.* at 187.

After the loan transaction closed, the Raders began making payments in 2003,

but stopped making payments sometime in 2008 because of alleged billing errors.

*See id.* at 43, 47.  Seven years later, in August 2015, defendant-appellee Citibank,

N.A. (the holder of the note) sold the mortgaged property at a foreclosure sale.[2]  In

October 2015, the Raders sent "Rescission Letters" purporting to rescind the

Mortgage Loan.  The Raders then filed a "Verified Petition to Enforce Rescission" in

---

[1] Most of the facts recited here are contained in documents attached to the motion to dismiss.  The Raders haven't disputed the authenticity of these documents and they are central to the claims in their complaint.  Many of the facts are also subject to judicial notice.  We agree with the district court that "consideration of such documents is essential to providing the factual background of this case."  Aplt. App. at 285-86.

[2] In a prior case, the Raders sought to prevent Citibank from foreclosing on their property by alleging that Citibank wasn't the proper holder of the note.  *Rader v. Citibank, N.A.*, 616 F. App'x 383, 384 (10th Cir. 2015).  The district court concluded that the Raders' claim failed as a matter of law and we affirmed the district court's dismissal.  *Id.* at 384-85.

December 2015 against Citibank and defendant-appellee Ocwen Loan Servicing, Inc. (the servicer of the loan).

Under TILA, an obligor's right of rescission expires three years after the date of the consummation of the transaction. 15 U.S.C. § 1635(f). In their petition, the Raders asserted that the loan wasn't consummated at the closing because the true lender wasn't disclosed; therefore, their time to rescind didn't begin to run until October 2015, when they learned the true identity of the lender. They alleged that: the original lender, GreenPoint, "was not a party competent to enter into the loan agreement . . . as it was not the true lender"; "[t]here was no agreement between [the Raders] and the true lender"; and "no consideration was provided to [the Raders] by [GreenPoint]." Aplt. App. at 10.

Citibank and Ocwen moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Raders' allegations weren't plausible and that the rescission action was untimely because the loan transaction was consummated at the 2003 closing. The district court agreed, concluding the Raders had "failed to plausibly plead that the Mortgage Loan was not consummated at the 2003 closing." *Id*. at 288. The district court also rejected the Raders' alternative theory that their claim for rescission wasn't time-barred because the running of the three-year limitation period should be equitably tolled.

## II.

"We review de novo the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). "Dismissal

3

is appropriate only if the complaint, viewed in the light must favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face." *United States ex rel. Conner v. Salina Reg'l Health Ctr., Inc.*, 543 F.3d 1211, 1217 (10th Cir. 2008) (internal quotation marks omitted).

"Generally, the sufficiency of a complaint must rest on its contents alone." *Gee*, 627 F.3d at 1186. But there are limited exceptions to this general rule. *Id*. Those include: "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity" and "matters of which a court may take judicial notice." *Id*. (internal quotation marks omitted).

On appeal, the Raders argue that the district court erred by not accepting their allegations as true and by considering evidence outside the scope of the complaint. We disagree.

For purposes of TILA, "[c]onsummation means the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). The question of when a consumer becomes contractually obligated is determined by state law. *See id*. § 226.2(b)(3) ("Unless defined in this regulation, the words used have the meanings given to them by state law or contract."); *id*. Pt. 226 Supp. I, Subpt. A, § 226(a)(13) (providing that "State law governs" consummation under § 226.2(a)(13) because "[w]hen a contractual obligation on the part of a consumer is created is a matter to be determined under applicable law"). Under Colorado law, a contract is formed when there is "mutual assent to an exchange, between competent

4

parties, with regard to a certain subject matter, for legal consideration. *Indus. Prods. Int'l, Inc. v. Emo Trans, Inc*., 962 P.2d 983, 988 (Colo. App. 1997).

As noted above, the Raders alleged the loan wasn't consummated at the closing in 2003 because there was no mutual assent between GreenPoint and themselves, GreenPoint wasn't competent to contract, and GreenPoint provided no consideration. But their allegations are implausible and contradicted by documents properly before the district court.

"Manifestation of mutual assent to an exchange requires that each party either make a promise or begin or render a performance." Restatement (Second) of Contracts, § 18 (Am. Law Inst. 1981); *see also, e.g*., *FDIC v. Fisher*, 292 P.3d 934, 937 n.2 (Colo. 2013) ("In signing the Third Extension, the parties manifested their mutual assent to the new loan terms."). Mutual assent to the contract is shown here by facts that are subject to judicial notice, are contained in the Mortgage Loan documents that are central to the Raders' claim, or are contained in the Raders' own affidavits. Those facts show that Steven Rader and GreenPoint signed the Mortgage Loan documents, whereby Steven Rader acknowledged receiving a loan of $630,000 from GreenPoint in exchange for a promise to pay back the funds, with interest, and pledged his property to GreenPoint as security for the loan. The Raders then began performing the terms of the contract by making payments on the loan from 2003 to 2008.

Competency to make a contract under Colorado law simply refers to the legal capacity to enter into contracts, which is presumed to exist, *see Forman v. Brown*,

5

944 P.2d 559, 562 (Colo. App. 1996) ("Every person is presumed by the law to be sane and competent for the purposes of entering into a contract."). The Raders alleged that GreenPoint "was not a party competent to enter into the loan agreement as it did not have funds to loan, as it was not the true lender, and did not lend any money." Aplt. App. at 10. But again, the undisputed facts from properly considered documents show the Raders received the funds GreenPoint agreed to provide them under the Mortgage Loan. Thus, the Raders' assertion that GreenPoint wasn't competent to contract because it didn't have these funds and didn't provide them to the Raders is not a well-pleaded allegation that must be accepted as true. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *GFF Corp. v. Assoc. Wholesale Grocers, Inc*., 130 F.3d 1381, 1385 (10th Cir. 1997) ("[F]actual allegations that contradict . . . a properly considered document are not well-pleaded facts that the court must accept as true.").

Finally, although the Raders assert they didn't receive consideration from GreenPoint, the Mortgage Loan documents show that they received $630,000. Whether GreenPoint or a third party provided the "consideration" to the Raders is irrelevant to whether the Raders were contractually obligated under Colorado law. *See Int'l Paper Co. v. Cohen*, 126 P.3d 222, 225 (Colo. App. 2005) ("The fact that consideration comes from a third party, rather than from a promisee, does not render the consideration legally insufficient, provided the promisor receives a benefit from the third party as consideration for the agreement.").

6

We conclude that the district court properly considered facts subject to judicial notice and facts from documents central to the claim in the complaint in deciding the motion to dismiss. In doing so, it didn't improperly convert the motion to dismiss into a motion for summary judgment. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). We agree with the district court that the Raders' petition failed to plausibly allege that the loan was not consummated in 2003 and, therefore, their claim for rescission expired in 2006.

We also agree with the district court that the three-year rescission period can't be equitably tolled because "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period," *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). The Raders argue that other courts have permitted equitable tolling of TILA claims, but those cases involved claims for damages under 15 U.S.C. § 1640(e). *See, e.g.*, *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706-07 (11th Cir. 1998); *King v. California*, 784 F.2d 910, 914-15 (9th Cir. 1986). Section 1635(f) and § 1640(e) contain two distinct types of statutory time limitations. As the court explained in *Ellis*:

> When Congress enacts statutes creating public rights or benefits, it can impose time limits on their availability. These time limits can either completely extinguish the right or simply bar the remedy for enforcement. In the former case, jurisdiction does not exist because the cause of action has been totally extinguished. In the latter case, the court continues to have jurisdiction and has the discretion to consider particular circumstances affecting the ability of a party seeking review to comply with the time limits, which can be tolled when principles of equity render their rigid application unfair.

160 F.3d at 706.

7

Section 1635(f) contains a time limitation that extinguishes the right, while § 1640(e) contains a time limitation that bars the remedy for enforcement and may be subject to equitable tolling. *Compare* 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction . . . .") *with id*. § 1640(e) ("[A]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . ."); *see also Beach,* 523 U.S. at 412 ("[Section] 1635(f) completely *extinguishes the right* of rescission" (emphasis added)); *Ellis,* 160 F.3d at 706-08 (concluding the statute of limitations in § 1640(e) is subject to equitable tolling); *King*, 784 F.2d at 913, 915 (explaining that § 1635 claim was "barred by the three-year absolute limitation on rescission actions set out in 15 U.S.C. § 1635(f)" but recognizing that equitable tolling might be appropriate for § 1640(e) claim). The Raders' claim for rescission was untimely as it was filed more than three years after the consummation of the loan transaction, and it wasn't subject to equitable tolling.

III.

The district court didn't err in dismissing the Raders' petition for failure to state a claim upon which relief may be granted. Accordingly, we affirm the district court's judgment.

Entered for the Court

Nancy L. Moritz
Circuit Judge

8