**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 18, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VIVIAN L. RADER; STEVEN R.
RADER,

     Plaintiffs - Appellants,

v.

CITIBANK, N.A., as Successor Trustee to
U.S. Bank National Association as
Successor to Wachovia Bank National
Association as Trustee for the Certificate
holders of Mastr Alternative Loan Trust
2004-1 Mortgage Pass through Certificates
Series 2004-1; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; UBS WARBURG
REAL ESTATE SECURITIES, INC.;
OCWEN LOAN SERVICING, LLC, and
Does 1-10,

    Defendants - Appellees.

No. 18-1208
(D.C. No. 1:14-CV-00784-CMA-BNB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Vivian and Steven Rader defaulted on a promissory note secured by a deed of trust on their Colorado home. They filed separate lawsuits to try to avert and then to undo foreclosure—first seeking declaratory and injunctive relief to quiet title and to prevent foreclosure, and later seeking to rescind the loan documents due to alleged violations of the Truth in Lending Act ("TILA"). In both cases, the district court dismissed their claims under Federal Rule of Civil Procedure 12(b)(6), and this court affirmed. Several years later, the Raders again attempted to undo the foreclosure proceedings, this time by filing a motion under Federal Rule of Civil Procedure 60(d)(3), which alleged fraud on the court and asked the district court to reopen the first lawsuit and to vacate the final judgment against them. That motion was denied. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## Background

In 2003, Steven Rader borrowed $630,000 from GreenPoint Mortgage Funding, Inc. The promissory note was secured by a properly recorded deed of trust on real property that Steven owned with his wife, Vivian, at 47 Bennett Court, Pagosa Springs, Colorado. In 2008, the Raders stopped making payments because of alleged billing errors, causing the loan to go into default.

U.S. Bank, which held the note at that time, initiated foreclosure proceedings in Colorado state court in 2012. U.S. Bank later moved to substitute Citibank as the petitioner in the foreclosure action, stating that it had transferred its interest in the note to Citibank. At the foreclosure hearing in April 2014, Citibank's attorney

2

appeared with the note, and the state court granted the motion to substitute. The state court also entered an order authorizing the sale of the property.

Before the foreclosure sale occurred, the Raders sued Citibank and other entities connected to the loan in federal court in July 2014, seeking declaratory and injunctive relief to quiet title and to prevent foreclosure. They alleged that Citibank was not entitled to enforce the note because U.S. Bank had not lawfully transferred it to Citibank. Citibank filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which was granted. The district court held that Citibank was the possessor and holder of the promissory note, which was endorsed in blank, and it did not matter how it became the holder under Colorado law; [1] accordingly, Citibank had standing to enforce the note and to pursue the foreclosure. The district court entered final judgment on October 15, 2014. This court affirmed the judgment in *Rader v. Citibank, N.A.*, 616 F. App'x 383, 384 (10th Cir. 2015) ("*Rader I*").

---

[1] As the district court explained in the underlying order, a promissory note is a negotiable instrument that is freely assignable under Colorado law. Aplt. App. at 211 (citing Colo. Rev. Stat. § 4-3-104). In keeping with this principle, the note here provided: "I understand that the Lender may transfer this note. The Lender or anyone who takes this note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" *Id.* at 211 n.6.

Colorado law allows "a holder of evidence of a debt to foreclose upon breach of the terms of the deed of trust." *Id.* at 211. The term "holder" includes a "person in possession of a negotiable instrument evidencing a debt which has been . . . [e]ndorsed in blank," Colo. Rev. Stat. § 38-38-100.3(10)(c). An instrument payable to an identified person or entity may become payable to its bearer if it is endorsed in blank pursuant to Colo. Rev. Stat. §§ 4-3-109(c) and -205(b). *See In re Miller*, 666 F.3d 1255, 1263 (10th Cir. 2012). A note with a blank endorsement, like the one here, may be negotiated solely by transfer of possession. *Id.*

3

The property was sold at a foreclosure sale in August 2015, but the Raders did not move out of the property. Instead, they filed an action against Citibank and Ocwen Loan Servicing, LLC ("Ocwen"), the loan servicer, in late 2015, alleging TILA violations and seeking to rescind the promissory note and deed of trust. The district court found the rescission claim to be untimely and dismissed it under Rule 12(b)(6). Again, this court affirmed. *See Rader v. Citibank N.A.*, 700 F. App'x 817, 818 (10th Cir. 2017) ("*Rader II*").

Still, the Raders refused to leave the property. They next filed a lawsuit in Colorado state court, which was consolidated with an eviction proceeding. Within that consolidated action, they deposed Katherine Ortwerth, an Ocwen employee who appeared as Citibank's representative, in October 2017. Ms. Ortwerth was not involved with the loan when U.S. Bank filed the motion to substitute Citibank as the petitioner in the foreclosure action; nevertheless, she opined that Citibank's substitution was erroneous because Ocwen's servicing notes still list U.S. Bank as the holder of the note and Citibank never had an interest in the Raders' loan.

In February 2018, the Raders filed a motion under Rule 60(d)(3), asking the district court to reopen the lawsuit and to vacate the judgment that was affirmed in *Rader I*. Citing Ms. Ortwerth's testimony, they argued that Citibank perpetrated a fraud on the court by misrepresenting it had lawfully succeeded to the interest in the promissory note and the deed of trust. The district court found that these assertions did not meet the standard for fraud on the court and denied the motion. The Raders filed this timely appeal and are now before this court for the third time in four years.

4

**Analysis**

We review the denial of the Raders' Rule 60(d)(3) motion for an abuse of discretion. *See United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002).[2] Under this standard, "a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (internal quotation marks omitted). A district court abuses its discretion "if it base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence," *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998) (internal quotation marks omitted), or if it "fails to consider the applicable legal standard," *Clyma v. Sunoco, Inc.*, 594 F.3d 777, 783 (10th Cir. 2010) (internal quotation marks omitted).

The Raders contend the district court abused its discretion by failing to properly assess the facts and totality of the circumstances. They search Ms. Ortwerth's deposition testimony for statements that Citibank did not have an interest in the Raders' loan and characterize Citibank's failure to correct its "admitted misrepresentations" as exemplifying fraud and an intention to continue wrongful conduct. Aplt. Br. at 11. They

---

[2] In *Buck*, we pronounced this standard in the context of a Rule 60(b)(6) motion seeking relief grounded in fraud on the court. 281 F.3d at 1341-42; *see also Switzer v. Coan*, 261 F.3d 985, 988 (10th Cir. 2001) ("We review the disposition of a Rule 60(b) action for fraud on the court under an abuse of discretion standard."). But Rule 60(b)'s structure was revised in 2007, with some of its contents—including the provision at issue in this case—moving to Rule 60(d). Because those changes were "intended to be stylistic only," Fed. R. Civ. P. 60 advisory committee's note to 2007 amendment, we continue to apply an abuse of discretion standard.

also contend the district court abused its discretion by misapplying the law and not exercising its inherent power to vacate the judgment. Citibank responds that, at most, it made a mistake about its interest in the loan—a mistake that was legally irrelevant to Citibank's right to enforce the note because it possessed the note. Citibank further responds that this type of error does not constitute a deliberate scheme to defraud the court under the relevant standard (even in filings by attorneys) and that the Raders did not present clear and convincing evidence of fraud, as required.

Having carefully reviewed the record and applicable law, we discern no abuse of discretion here. Rule 60(d), which was termed a "savings clause" in its previous iteration, *see Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005), provides that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). We have made clear that fraud on the court encompasses "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." *Buck*, 281 F.3d at 1342 (internal quotation marks omitted). It requires "a showing that one has acted with an intent to deceive or defraud the court," that is, "conscious wrongdoing." *Id.* (internal quotation marks omitted). "Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." *Id.* (internal quotation marks omitted).

The district court evaluated the alleged conduct within the framework articulated in *Buck* and *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996), and correctly

6

concluded the assertions do not rise to the level of fraud on the court as contemplated by Rule 60(d)(3). We affirm for the reasons stated in its order dated May 4, 2018.

## Conclusion

The district court's denial of the Raders' Rule 60(d)(3) motion is affirmed.

Entered for the Court

Mary Beck Briscoe
Circuit Judge